Brian J. Lawler, CA SBN 221488
**PILOT LAW, P.C.**
4632 Mt. Gaywas Dr.
San Diego, CA 92117
Telephone: (619) 255-2398
Email: blawler@pilotlawcorp.com

Kevin L. Wilson (*Pro Hac Vice* pending)
**KEVIN WILSON LAW PLLC**
517 West Ormsby Ave.
Louisville, KY 40203
Tel: (502) 276-5050
Email: kevin@klwilsonlaw.com

*Attorneys for Plaintiff*
THOMAS BRITTINGHAM

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

THOMAS BRITTINGHAM, an individual,

Plaintiff,

v.

AMERICAN AIRLINES, INC.,

Defendant.

Case No.: '26CV6400 GPC BJW

**COMPLAINT FOR DAMAGES**

**(1) VIOLATIONS OF 38 U.S.C. §4301 ET SEQ;**

**(2) VIOLATIONS OF CALIFORNIA MILITARY AND VETERANS CODE §394**

**DEMAND FOR JURY TRIAL**

**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**

Plaintiff Thomas Brittingham complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through his attorneys, as follows:

**I.**

**NATURE OF ACTION**

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et. seq.*

("USERRA") and the California Military and Veterans Code ("MVC") § 394. It is brought by Plaintiff against American Airlines, Inc. ("AAL") ("Defendant").

2. Pursuant to 38 U.S.C. § 4323(h)(1), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]" in a federal district court action

## II.

## PARTIES

3. Plaintiff Mr. Thomas A. Brittingham is a citizen of the United States and a resident of Menifee, California.

4. Defendant AAL is a Delaware corporation with its principal place of business located at 1 Skyview Drive, Fort Worth, Texas. AAL is a major commercial air carrier and was and is an "employer" for the purposes of 38 U.S.C. § 4303(4)(A), Cal. Mil. & Vet. Code § 394, and is subject to suit under USERRA and the MVC.

5. Mr. Brittingham was at all pertinent times alleged herein employed by Defendant AAL as a commercial pilot, having commenced his employment on January 7, 2020. Simultaneously, Mr. Brittingham served with distinction in the United States Air Force Reserve ("USAFR"), holding the rank of Lieutenant Colonel (O-5). Plaintiff is a qualified employee and member of the uniformed services for purposes of 38 U.S.C. § 4303(3), (9), and (16).

6. Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendants, or any of them herein, such individuals at all times acted on behalf of defendants named in this action within the scope of their respective employments and agencies.

7. Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

8. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## III.

## JURISDICTION AND VENUE

9. Count I of this complaint arises under USERRA. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3). Venue is proper because Defendant AAL operates commercial air carrier flights, and has administrative offices, and places of business within this judicial district (including San Diego International Airport - SAN), as provided in 38 U.S.C §4323(c)(2), 28 U.S.C. §1391(b).

10. Count II of this complaint arises under California MVC § 394. The jurisdiction of this court as to this Count is conferred by 28 U.S.C. §1367(a) because the state-law claims arise out of the same nucleus of operative facts, are so related to the USERRA claims in this action that they form part of the same case or controversy, and would ordinarily be expected to be tried in a single judicial proceeding.

## IV.

## GENERAL FACTUAL ALLEGATIONS

11. Mr. Brittingham realleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 10, inclusive, as though set forth at length herein.

12. Mr. Brittingham began his employment with AAL on January 7, 2020, as an LAX-domiciled commercial pilot, holding the bid status of First Officer, Boeing 737 Domestic (LAX FO 737 DOM).

13. On or about June 2021, Mr. Brittingham was called to active-duty service under military orders in the USAFR, assigned to the 336th Air Refueling Squadron

(ARS) at March Air Reserve Base, California. Prior to commencing service, Mr. Brittingham provided proper, timely advance notice of his military service to AAL.

14. While on military leave from AAL, Mr. Brittingham's military duty orders were repeatedly extended for consecutive periods of honorable active-duty service through September 28, 2024. Mr. Brittingham provided timely notice of all successive orders and extensions to AAL's Flight Administration and Military Leave divisions.

15. On or about March 2024, while serving on active-duty orders, Mr. Brittingham was diagnosed with Amyotrophic Lateral Sclerosis (ALS), a rapidly progressive, terminal neurodegenerative disease.

16. Due to the progression of his ALS, Mr. Brittingham underwent a Medical Evaluation Board (MEB) process, resulting in a finalized military medical retirement effective on or about September 28, 2024.

17. On or about August 7, 2024, while on terminal leave and house hunting status in conjunction with his upcoming military retirement, Mr. Brittingham was officially cleared and released from active military operational duties by his commander.

18. On or about August 7, 2024, Mr. Brittingham sent a formal written application for reemployment to AAL's Pilot Military division. In his request, Mr. Brittingham asserted his immediate availability for work and requested his seniority-based bid status (LAX Captain, Boeing 737 Domestic).

19. In his August 2024 reemployment application, Mr. Brittingham explicitly notified AAL that due to his terminal ALS, he was no longer eligible for an FAA Class I Medical Certificate and could not perform active cockpit line flying. He requested a position of equivalent seniority, status, and pay, and specifically requested a reasonable telework accommodation pursuant to 20 C.F.R. § 1002.225 due to severe, progressive mobility challenges.

20. Under USERRA's prompt reemployment regulations, AAL was required to return Mr. Brittingham to its active payroll system within 14 days of his application.

21. Rather than processing his reemployment promptly, AAL engaged in a series of administrative delays and disputes regarding his entitlement to the Escalator Position pay rate of Year 5 Narrow-Body Captain ($319.02/hr).

22. On or about August 22, 2024, AAL senior flight management advised Mr. Brittingham that they would not recognize Captain bid status because company records indicated he had only 106.8 airline hours and 500 credited military hours, falling short of the FAA's 1,000-hour cockpit experience requirement under 14 C.F.R. § 121.436(c).

23. On or about August 25, 2024, Mr. Brittingham responded to flight management, reiterating that because he was returning as a disabled veteran and was being placed in a non-flying administrative role, the FAA's active operational line flying hours limit was inapplicable to his salary rate under USERRA's escalator and disability accommodation principles.

24. Plaintiff thereafter updated his preferences to include Year 5 Wide-Body First Officer ($253.59 per hour), which AAL represented was the highest non-flying status available to him.

25. On or about September 16, 2024, AAL sent Mr. Brittingham a formal letter offering him reemployment in a Level 4 management position, calculated at the lower Year 5 Wide-Body First Officer rate of $253.59/hr. The offer noted that his benefits would be governed by the company's general Management plan rather than the far superior Pilot Collective Bargaining Agreement (CBA) plan.

26. On or about September 26, 2024, Mr. Brittingham formally accepted the company's offer under protest and requested immediate contact with the accommodations team.

27. On or about October 16, 2024, Mr. Brittingham filed his formal, written ADA reasonable accommodation request through AAL's JetNet system (Case # 756304443), requesting telework authorization.

28. On or about October 21, 2024, Mr. Brittingham's treating physician faxed all required medical documentation to AAL's accommodations department, certifying his physical disability and confirming that his intellectual and communication faculties were completely intact, enabling him to perform administrative, clerical, and technical duties via a remote computer setup using his eye-gaze communication device (Tobii Dynavox).

29. On or about December 30, 2024—more than four months after his initial reemployment request, AAL's accommodations department contacted Mr. Brittingham to clarify his equipment needs. During that conversation, the representative apologized for the administrative delay and told Plaintiff that his supervisor, Captain Dudley, would deliver a company-configured laptop to Plaintiff's residence within two weeks.

30. Unfortunately, no laptop was ever delivered, and no further direct contact was initiated by AAL's accommodations department.

31. On or about March 3, 2025, a newly assigned accommodations representative contacted Mr. Brittingham, forcing him to restate all medical and logistical information previously submitted and approved.

32. On or about April 4, 2025, AAL's Vice President of Flight, Alan Johnson, personally called Mr. Brittingham, apologizing for the administrative delays and promising that AAL would "make it right."

33. On or about May 15, 2025—nearly nine months after his initial reemployment request—AAL returned Mr. Brittingham to the active payroll and issued retroactive back pay. However, AAL unilaterally calculated the back pay to start from September 16, 2024, instead of his August 7, 2024 request date.

34. Furthermore, AAL did not provide all accrued leave, retirement, and other employment benefits to which he was entitled in connection with his period of military service and reemployment according to the governing plans, policies, collective bargaining agreement, and USERRA.

35. On July 9, 2025, representatives from the Allied Pilots Association (APA) Military Affairs Committee informed Mr. Brittingham that AAL's Labor and Legal division had informed them that AAL was denying his reasonable accommodation request and directing him to apply for Long-Term Disability (LTD).

36. On or about September 25, 2025, AAL issued Plaintiff a written response to his accommodation request. AAL denied his request to perform all functions of his Sr. Specialist, Flight Operations position from home, stating that the position's essential functions required an on-site presence at its DFW headquarters. AAL invited Plaintiff to explore alternative accommodations and stated that, if no reasonable accommodation were mutually identified within thirty days, Plaintiff would be released from his current position.

## V.

## FIRST CAUSE OF ACTION

## Violations of 38 U.S.C. §4301 *et seq.*

37. Mr. Brittingham incorporates by reference the allegations contained in Paragraphs 1 through 36 as if fully restated herein.

38. USERRA requires that an employer promptly reemploy an eligible service member returning from a period of service in the uniformed services. 38 U.S.C. § 4312(a). Pursuant to 20 C.F.R. § 1002.181, for periods of military service exceeding 181 days, reemployment is expected to occur within 14 days of the employee's application, establishing a mandatory reinstatement date of August 21, 2024.

39. Under 38 U.S.C. § 4313(a)(3) and 20 C.F.R. § 1002.225, if an employee returns from military service with a physical disability incurred in or aggravated during service, the employer must make "reasonable efforts" to accommodate the disability to enable the employee to perform the duties of the position. AAL violated this duty by failing to deliver the promised telework technology, failing to complete the interactive process, and constructively terminating Plaintiff's employment.

40. Under the USERRA "Escalator Principle," 38 U.S.C. § 4313(a) and 20 C.F.R. § 1002.191, a returning service member must be reemployed in the position they would have attained with reasonable certainty if they had remained continuously employed (the escalator position), or in a position of like seniority, status, and pay. If unqualified due to a service-connected disability, the employer must place them in a position of equivalent seniority, status, and pay, or the nearest approximation. AAL violated these sections by failing to reemploy Plaintiff in a position with the seniority, status, pay, and benefits required by USERRA. The resulting losses of compensation and benefits will be established through the applicable benefit plans, payroll records, and other evidence.

41. Section 4318 requires that a reemployed service member be treated as not having incurred a break in service for purposes of participation, vesting, and accrual of pension benefits. Plaintiff alleges that AAL failed to provide the pension and retirement benefits required by USERRA for his period of military service, in an amount to be established through the governing plans, payroll records, and other evidence

42. Defendant's violations of USERRA were willful and knowing, entitling Plaintiff to liquidated damages under 38 U.S.C. § 4323(d)(1)(D).

## VI.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA MILITARY AND VETERANS CODE

## (Cal. Mil. & Vet. Code § 394 et seq.)

43. Mr. Brittingham incorporates by reference the allegations contained in Paragraphs 1 through 42 as if fully restated herein.

44. Section 394(a) of the California Military and Veterans Code provides that no person shall discriminate against any member of the military forces of the state or of the United States because of that membership.

45. Section 394(b) of the California Military and Veterans Code explicitly prohibits employers from discharging any person from employment, or otherwise prejudicing or harming them in their employment, or disadvantaging them in their terms, conditions, or privileges of employment, because of their military service or connection with the military forces of this state or the United States.

46. Under Cal. Mil. & Vet. Code § 394(g), any person who violates this section is liable for actual damages, as well as statutory, compensatory, and reasonable attorney's fees and costs.

47. Defendant AAL violated California Military and Veterans Code § 394 by engaging in a systematic pattern of discrimination, delay, and administrative deprivation directed at Mr. Brittingham based directly on his status as an active member of the USAFR, his long-term military service, and his subsequent service-connected terminal disability.

48. Specifically, AAL subjected Plaintiff to a highly prejudicial and unauthorized nine-month administrative delay before returning him to payroll.

49. AAL further violated this section by depriving him of pay and seniority benefits from August 7, 2024, through September 15, 2024.

50. AAL further violated this section by allegedly depriving Plaintiff of the seniority, status, compensation, and employment benefits to which he was entitled by reason of his military service and reemployment rights.

51. AAL further violated this section by failing to timely complete Plaintiff's accommodation process and by failing to provide the employment position, status, and benefits to which Plaintiff alleges he was entitled.

52. Defendant's actions were willful, oppressive, and carried out with conscious disregard of the statutory protections guaranteed to California military service members. As a direct and proximate result of AAL's violations of the CMVC, Mr.

Brittingham has suffered severe financial harm, loss of wages, loss of critical employee benefits, and profound mental and emotional distress.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff prays for relief against Defendant as follows:

1. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. § 4301, *et seq*. and MVC, Cal. Mil. & Vet. Code § 394 *et seq*.;

2. Require that Defendant fully comply with the provisions of USERRA and the MVC by providing Plaintiff all employment benefits denied to him with all associated Pilot CBA seniority, status, and benefits, including the Pilot LTD plan;

3. An award of back pay and the value of lost benefits (including the value of the employer 401(k) contributions and lost vacation/sick time accruals) from August 7, 2024, to the date of judgment, plus prejudgment interest pursuant to 38 U.S.C. § 4323(d)(1)(D) and Cal. Civ. Code §§ 3287, 3291;

4. An order directing Defendant to fully fund all retroactive 401(k) pension contributions for the period of military leave (June 2021 to August 2024), including all accrued market growth and interest that would have accumulated in his accounts;

5. An award of liquidated damages under USERRA, 38 U.S.C. § 4323(d)(1)(C), in an amount equal to his lost wages and benefits, or fifty thousand dollars ($50,000), whichever is greater, for Defendant's willful and knowing violations of the Act;

6. An award of compensatory damages for emotional distress, pain, suffering, and mental anguish under Cal. Mil. & Vet. Code § 394(h), in an amount to be proven at trial;

7. An award of reasonable attorneys' fees, expert witness fees, and litigation expenses pursuant to 38 U.S.C. § 4323(h)(2), and Cal. Mil. & Vet. Code § 394(g).; and

8. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: November 10, 2026 PILOT LAW, P.C.

By: _/s/ *Brian J. Lawler*_____
BRIAN J. LAWLER
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

Respectfully Submitted,

Dated: November 10, 2026 PILOT LAW, P.C.

By: _/s/ *Brian J. Lawler*_____
BRIAN J. LAWLER
Attorney for Plaintiff